IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARL FRADLE ) | |
| ) | Civil Action File |
| Plaintiff, ) | |
| ) | No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC ) | |
| and ) | |
| LEXISNEXIS RISK DATA ) | |
| RETRIEVAL SERVICES LLC ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* and various state laws.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Karl Fradle is an adult individual residing at 36980 Gordon Lane, Apartment 156, Harrison Township, MI 48045.

5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency, which regularly conducts business in Georgia, and which has a place of business located at 1550 Peachtree Street Northeast, Atlanta, GA 30309-2468.

6. Defendant LexisNexis Risk Data Retrieval Services LLC ("Lexis") is a business entity that provides background screening services, decisions-making intelligence, and operates as a consumer reporting agency and furnisher of credit information. Lexis regularly conducts business in Georgia, and has a principal place of business at 1000 Alderman Drive, Alpharetta, GA, 30005.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

8. The inaccurate information includes a tax lien that was released in 1994 and should no longer be reporting on Plaintiff's credit files or reports.

9. The inaccurate information reporting on Plaintiff's credit reports is not directly derived from government records or court dockets. The original supplier of this inaccurate information to Equifax was Lexis, or Lexis' corporate

predecessor and/or its contractors. Lexis or its corporate predecessor through its contractors obtains select information from court and government records, not the complete or actual public records, and then molds and fabricates that select information into the format which it sells to Equifax and other third parties to be placed upon consumer credit reports.

10. The actual public records relating to this tax lien at issue in this case state that the tax lien was released on October 25, 1994. Satisfied or released public records may only lawfully report on a consumer's credit file or report for seven years under the FCRA. *See* 15 U.S.C. §1681c(a)(3).

11. Nevertheless, Equifax is inaccurately reporting the satisfied tax lien well past the seven years that it is entitled to report the lien. This lien should have been removed from the Plaintiff's credit file and report ten (10) years ago in 2001.

12. Lexis continues to report inaccurate information, as it has not updated the select information that it compiles and sells about the Plaintiff with the release entered in 1994, and it instead continues to inaccurately report and verify the obsolete tax lien to Equifax and/or other third parties.

13. Plaintiff has disputed the inaccurate information at least four times with Equifax, by following Equifax's established procedures for disputing consumer credit information, beginning in or around August 2010.

14. Further, Lexis, as the original supplier and as a credit furnisher of this information, was advised of Plaintiff's disputes through Equifax. Despite these disputes, Lexis failed to investigate and correct the inaccurate tax lien within 30 days as required by the FCRA. To the contrary, both Lexis and Equifax verified as purportedly accurate the tax lien satisfied in 1994 and left it on Plaintiff's credit reports.

15. Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least August 2010 through the present.

16. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a taxpayer and Plaintiff's creditworthiness.

17. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated and resold to various persons, both known and unknown.

18. Despite Plaintiff's efforts, Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about

Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; or (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information.

19. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information, failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies and continued to report the derogatory inaccurate information about Plaintiff.

20. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and the rights of the Plaintiff herein.

## COUNT ONE - VIOLATIONS OF THE FCRA

### (Plaintiff v. Equifax)

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i and willfully and

negligently failing to remove from a consumer's report a paid tax lien which, from date of payment, antedates the report by more than seven years in violation of 15 U.S.C. § 1681c(a)(3).

28.   The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO- VIOLATIONS OF THE FCRA
### (Plaintiff v. Lexis)

29.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.   At all times pertinent hereto, Lexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f), and also a "furnisher" of credit information.

31.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Lexis is liable to the Plaintiff for willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i, willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b), willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b) and willfully and negligently failing to remove from a consumer's report a paid tax lien which, from date of payment, antedates the report by more than seven years in violation of 15 U.S.C. § 1681c(a)(3).

34.     The conduct of Lexis was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Lexis is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE – GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. §§ 10-1-399 et seq. (Plaintiff v. Lexis and Equifax)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to the use of unfair or deceptive acts or practice in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

37. The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)   Statutory damages;

    (b)   Actual damages;

    (c)   Punitive damages;

(d)     Treble and exemplary damages;

(e)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and O.C.G.A. §§ 13-6-11 and 10-1-399.

(f)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**Skaar & Feagle, LLP**

by:   s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax


Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax