# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| **KARL FRADLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:11-cv-03681-AT-JKF |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES

Defendant Equifax Information Services LLC ("Equifax") hereby files its Answer and Defenses to Plaintiff's Complaint.

## ANSWER

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. In response to Paragraph 1 of the Complaint, Equifax admits that Plaintiff purports to bring this Complaint for alleged violations of the FCRA and various state laws. Equifax denies that it violated the FCRA or various state laws, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. To the extent Plaintiff can maintain this action, which Equifax denies, Equifax admits the allegations contained in Paragraph 2 of the Complaint and that this Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1367, but denies that 28 U.S.C. § 1337 applies.

3. Equifax admits the allegations contained in Paragraph 3 of the Complaint and that venue is proper.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Equifax admits the allegations contained in Paragraph 5 of the Complaint and that venue is proper.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Equifax denies the allegations contained in Paragraph 7 of the Complaint as they pertain to Equifax. Equifax is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Equifax denies the allegations contained in Paragraph 8 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

9. Equifax denies the allegations contained in Paragraph 9 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10. Equifax is without sufficient information to admit or deny the allegation in the first sentence of paragraph 10 of Plaintiff's Complaint. With respect to the second sentence, Equifax states that the FCRA speaks for itself.

11. Equifax denies the allegations contained in Paragraph 11 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. Equifax denies the allegations contained in Paragraph 12 of the Complaint as they pertain to Equifax. Equifax is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Equifax denies the allegations contained in Paragraph 13 of the Complaint as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Equifax is without sufficient information to admit or deny the allegations contained in first two sentences of paragraph 14 of Plaintiff's Complaint and therefore denies them.  With respect to the third sentence, Equifax admits that the 1994 tax lien remained on Plaintiff's credit file during the relevant time period but denies the remaining allegations in the third sentence.

15.     Equifax denies the allegations contained in Paragraph 15 of the Complaint.

16.     Equifax denies the allegations contained in Paragraph 16 of the Complaint.

17.     Equifax denies the allegations contained in Paragraph 17 of the Complaint as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18. Equifax denies the allegations contained in Paragraph 18 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19. Equifax denies the allegations contained in Paragraph 19 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. Equifax denies the allegations contained in Paragraph 20 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Equifax denies the allegations contained in Paragraph 22 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint.

23. In response to paragraph 23 of Plaintiff's Complaint, Equifax reasserts and re-alleges its responses and defenses as set forth above.

24. Equifax admits the allegations contained in Paragraph 24 of the Complaint and that venue is proper.

25. Equifax admits the allegations contained in Paragraph 25 of the Complaint and that venue is proper.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. Equifax denies the allegations contained in Paragraph 27 of the Complaint as they pertain to Equifax.

28. Equifax denies the allegations contained in Paragraph 28 of the Complaint as they pertain to Equifax.

29. In response to paragraph 29 of Plaintiff's Complaint, Equifax reasserts and re-alleges its responses and defenses as set forth above.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Equifax admits the allegations contained in Paragraph 31 of the Complaint and that venue is proper.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. In response to paragraph 35 of Plaintiff's Complaint, Equifax reasserts and re-alleges its responses and defenses as set forth above.

36. Equifax denies the allegations contained in Paragraph 36 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37. Equifax denies the allegations contained in Paragraph 37 of the Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38. Equifax admits that Plaintiff has demanded a jury trial. Equifax likewise demands a jury trial.

Equifax denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Complaint. Any allegation in the Complaint not expressly admitted is denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint. Equifax reserves the right to add additional defenses that it learns through the course of discovery.

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted. The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court of the United States in the following cases: *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

## Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

## Third Defense

Equifax has complied with the provisions of the Fair Credit Reporting Act in its handling of Plaintiff's credit files.

## Fourth Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## Fifth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## Sixth Defense

At all relevant times herein, Plaintiff's alleged damages, which Equifax denies exist, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Seventh Defense

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. § 1681n.

### Eighth Defense

Equifax has acted in good faith and without malice or intent to injure Plaintiff.

### Ninth Defense

Plaintiff's state law claims are preempted by the Fair Credit Reporting Act.

### Tenth Defense

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and  *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### Eleventh Defense

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) This lawsuit be deemed frivolous and Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) Equifax recover such other and additional relief, as the Court deems just and appropriate.

Dated: November 21, 2011	Respectfully submitted,

KING & SPALDING LLP

By:   Betsey L. Tate
Betsey L. Tate
Georgia Bar No. 401088
Lewis P. Perling
Georgia Bar No. 572379
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:   btate@kslaw.com
Email:  lperling@kslaw.com
Attorney for Equifax Information
       Services LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: November 21, 2011

/s/ Betsey L. Tate
Betsey L. Tate