UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARL FRADLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:11-CV-03681-AT-JFK |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC | ) |
| and | ) |
| LEXISNEXIS RISK DATA | ) |
| RETRIEVAL SERVICES LLC, | ) |
|     Defendants. | ) |

## ANSWER OF DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC TO THE COMPLAINT

Defendant LexisNexis Risk Data Retrieval Services LLC ("LNRDRS") answers Plaintiff Karl Fradle's ("Plaintiff") Complaint as follows:

## PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, LNRDRS admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") and various state laws. LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. LNRDRS denies the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. LNRDRS admits the allegations in paragraph 2 of the Complaint.

3. LNRDRS admits the allegations in paragraph 3 of the Complaint.

## PARTIES

4. In response to paragraph 4 of the Complaint, LNRDRS states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff's residence and denies the allegations on that basis.

5. In response to paragraph 5 of the Complaint, LNRDRS states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis. To the extent paragraph 5 purports to allege legal conclusions, no response to those allegations is necessary.

6. In response to paragraph 6 of the Complaint, LNRDRS states that it is a limited liability company that is registered in the State of Georgia and that has a principal place of business in Wilmington, Delaware. To the extent paragraph 6 purports to allege legal conclusions, no response to those allegations is necessary. LNRDRS denies the remaining allegations in paragraph 6.

## FACTUAL ALLEGATIONS

7.  In response to the allegations in paragraph 7 of the Complaint, LNRDRS denies the allegations as to LNRDRS.  LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies those allegations on that basis.

8.  In response to the allegations in paragraph 8 of the Complaint, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and denies the allegations on that basis.

9.  In response to paragraph 9 of the Complaint, LNRDRS states that, for a fee and pursuant to a public records vendor agreement, it provides to subscribers, including Equifax Information Services LLC ("Equifax"), select public record information, such as civil judgments, bankruptcies and tax liens. LNRDRS further states that it was not a supplier of any Michigan public record information to Equifax or any other third party at the time the alleged tax lien was filed against a "Karl S. Fradle" in the Saint Clair County Register of Deeds in Port Huron, Michigan in 1993 nor was it the supplier at the time that same tax lien allegedly was reported as released in the Saint Clair County Register of Deeds in Port Huron, Michigan in 1994, as LNRDRS did not begin collecting any public record information in Michigan until 2001.  LNRDRS lacks sufficient knowledge

or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis.  LNRDRS denies the remaining allegations in paragraph 9.

10.	In response to paragraph 10 of the Complaint, LNRDRS states that the docket at issue, which is a public document, speaks for itself, and no response to the allegations in paragraph 10 is necessary.  To the extent paragraph 10 purports to allege legal conclusions, no response to those allegations is necessary.  LNRDRS denies the remaining allegations in paragraph 10.

11.	In response to paragraph 11 of the Complaint, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.  To the extent paragraph 11 purports to allege legal conclusions, no response to those allegations is necessary.

12.	In response to the allegations in paragraph 12 of the Complaint, LNRDRS states that its public record database that is used to provide public record information to the credit bureaus does not contain the tax lien that allegedly was filed against a "Karl S. Fradle" in the Saint Clair County Register of Deeds in Port Huron, Michigan in 1993 or the alleged release of that same tax lien in 1994, and that LNRDRS has not provided any public record information on the same to the

credit bureaus or any other third parties.  LNRDRS further states that it received one request from Equifax on or about November 12, 2010 for the verification of the current status of a state tax lien filed in the Saint Clair County Register of Deeds in Port Huron, Michigan against a "Karl S. Fradle," and that LNRDRS provided to Equifax a response of "Unable to Verify" and "Time Elapsed." LNRDRS denies the remaining allegations in paragraph 12.

      13.    In response to paragraph 13 of the Complaint, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies those allegations on that basis.

      14.    In response to the allegations in paragraph 14 of the Complaint, LNRDRS states that it was not a supplier of any Michigan public record information to Equifax or any other third party at the time the alleged tax lien was filed against a "Karl S. Fradle" in the Saint Clair County Register of Deeds in Port Huron, Michigan in 1993 nor was it the supplier at the time that same tax lien allegedly was reported as released in the Saint Clair County Register of Deeds in Port Huron, Michigan in 1994, as LNRDRS did not begin collecting any public record information in Michigan until 2001.  LNRDRS further states that it received one request from Equifax on or about November 12, 2010 for the verification of the current status of a state tax lien filed in the Saint Clair County Register of

5

Deeds in Port Huron, Michigan against a "Karl S. Fradle," and that LNRDRS provided to Equifax a response of "Unable to Verify" and "Time Elapsed." LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies those allegations on that basis. LNRDRS denies the remaining allegations in paragraph 14.

15. In response to paragraph 15 of the Complaint, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis.

16. In response to paragraph 16 of the Complaint, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.

17. In response to paragraph 17 of the Complaint, LNRDRS denies the allegations as to LNRDRS. LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies those allegations on that basis.

18. In response to the allegations in paragraph 18 of the Complaint, to the extent paragraph 18 purports to allege legal conclusions, no response to those allegations is necessary. LNRDRS denies the allegations as to LNRDRS.

LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies those allegations on that basis.

19. In response to paragraph 19 of the Complaint, LNRDRS denies the allegations as to LNRDRS.  LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations against others and denies those allegations on that basis.

20. In response to paragraph 20 of the Complaint, LNRDRS denies the allegations as to LNRDRS.  LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations against others and denies those allegations on that basis.

21. In response to paragraph 21 of the Complaint, LNRDRS denies the allegations as to LNRDRS. LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations against others and denies those allegations on that basis.

22. In response to paragraph 22 of the Complaint, LNRDRS denies the allegations as to LNRDRS.  LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations against others and denies the allegations on that basis.

## COUNT ONE – ALLEGED VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax)

23. In response to paragraph 23 of the Complaint, LNRDRS re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

24. In response to paragraph 24, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis. To the extent paragraph 24 purports to allege legal conclusions, no response to those allegations is necessary.

25. In response to paragraph 25, LNRDRS states that no response to the allegations is necessary as they purport to allege legal conclusions.

26. In response to paragraph 26, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis. To the extent paragraph 26 purports to allege legal conclusions, no response to those allegations is necessary.

27. In response to paragraph 27, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis. To the extent paragraph 27 purports to allege legal conclusions, no response to those allegations is necessary.

28. In response to paragraph 28, LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies the allegations on that basis. To the extent paragraph 28 purports to allege legal conclusions, no response to those allegations is necessary.

## COUNT TWO – ALLEGED VIOLATIONS OF THE FCRA
### (Plaintiff v. Lexis)

29. In response to paragraph 29 of the Complaint, LNRDRS re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

30. In response to paragraph 30 of the Complaint, LNRDRS denies the allegations as to LNRDRS. To the extent paragraph 30 purports to allege legal conclusions, no response to those allegations is necessary.

31. In response to paragraph 31 of the Complaint, LNRDRS states that no response to the allegations is necessary as they purport to allege legal conclusions.

32. In response to paragraph 32 of the Complaint, LNRDRS denies the allegations as to LNRDRS. To the extent paragraph 32 purports to allege legal conclusions, no response to those allegations is necessary.

33. In response to paragraph 33 of the Complaint, LNRDRS denies the allegations as to LNRDRS. To the extent paragraph 33 purports to allege legal conclusions, no response to those allegations is necessary.

34. In response to paragraph 34 of the Complaint, LNRDRS denies the allegations as to LNRDRS. To the extent paragraph 34 purports to allege legal conclusions, no response to those allegations is necessary.

## COUNT THREE – ALLEGED VIOLATIONS OF GEORGIA FAIR BUSINESS PRACTICES ACT O.G.C.A. §§ 10-1-399 *ET SEQ.* (**Plaintiff v. Lexis and Equifax**)

35. In response to paragraph 35 of the Complaint, LNRDRS re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

36. In response to paragraph 36 of the Complaint, LNRDRS denies the allegations as to LNRDRS. LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies those allegations on that basis. To the extent paragraph 36 purports to allege legal conclusions, no response to those allegations is necessary.

37. In response to paragraph 37 of the Complaint, LNRDRS denies the allegations as to LNRDRS. LNRDRS is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others and denies

those allegations on that basis. To the extent paragraph 37 purports to allege legal conclusions, no response to those allegations is necessary.

## JURY TRIAL DEMAND

38. LNRDRS admits that Plaintiff's Complaint purports to seek a jury trial in this matter.

## PRAYER FOR RELIEF

LNRDRS denies that it is liable to Plaintiff for any of the requests for relief set forth in the Complaint or otherwise.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint that have previously been denied and without admitting or acknowledging that LNRDRS bears any burden of proof as to the allegations in the Complaint, LNRDRS asserts the following additional defenses. LNRDRS also intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA.

## THIRD ADDITIONAL DEFENSE

Plaintiff cannot recover against LNRDRS to the extent that the Complaint, and each of its purported causes of action, are barred by the doctrine of waiver.

## FOURTH ADDITIONAL DEFENSE

Plaintiff cannot recover against LNRDRS to the extent that the Complaint, and each of its purported causes of action, are barred by the doctrines of estoppel, res judicata and/or release.

## FIFTH ADDITIONAL DEFENSE

Plaintiff cannot recover against LNRDRS to the extent that the Complaint, and each of its purported causes of action, are barred by the doctrine of laches.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect himself from the damage, if any, alleged in the Complaint and failed to mitigate any such alleged damage.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's alleged damages were caused by the acts and omissions of third persons over whom LNRDRS had no control and for whom LNRDRS was not responsible.

### NINTH ADDITIONAL DEFENSE

LNRDRS is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.  LNRDRS is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### TENTH ADDITIONAL DEFENSE

Plaintiff's claims for punitive damages are unconstitutional to the extent they violate constitutional protections of the United States Constitution.  An award of punitive damages in this action would violate the due process rights of LNRDRS under (1) the Fifth and Fourteenth Amendment to the United States

Constitution; and (2) the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. Punitive damages are penal in nature and LNRDRS is being subjected to a claim for criminal penalty without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self incrimination, proof beyond a reasonable doubt, equal protective, substantive due process, and procedural due process.

## ELEVENTH ADDITIONAL DEFENSE

The Complaint, and each of its purported causes of action are barred, in whole or in part, by the doctrine of primary jurisdiction as applicable.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent they are barred by the doctrine of preemption.

WHEREFORE, LNRDRS requests that this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) enter judgment in favor of LNRDRS;

(c) award LNRDRS its attorney's fees and costs of suit incurred in the defense of the Complaint; and

(d) award LNRDRS such other relief the Court deems appropriate.

Respectfully submitted, this 29th day of February, 2012.

*s/ James J. Swartz, Jr.*
**James J. Swartz, Jr.**
Georgia Bar No. 694319
Email: jimswartz@AsheRafuse.com
**Amy M. Palesch**
Georgia Bar No. 866827
Email: amypalesch@AsheRafuse.com
ASHE RAFUSE & HILL LLP
1355 Peachtree Street, N.E.
Suite 500, South Tower
Atlanta, Georgia 30309
Telephone: 404.253.6000
Fax: 404.253.6060

**Ronald I. Raether, Jr.**
*Pro Hac Vice Admission Pending*
Ohio Bar No. 0067731
Email:  rraether@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone: (937) 227-3733
Telecopier: (937) 227-3717

**Attorneys for Defendant LexisNexis Risk Data Retrieval Services LLC**

# **CERTIFICATE OF COMPLIANCE**

I, **JAMES J. SWARTZ, JR.,** certify that the foregoing document complies with Local Rules 5.1B and 7.1D.  I further certify that, in preparation of this document, the foregoing document was prepared with font Times New Roman, 14 point, to include all text, including headings, footnotes, and quotations.

|  |  |
|---|---|
| | *s/ James J. Swartz, Jr.* |
| ASHE RAFUSE & HILL LLP | **James J. Swartz, Jr.** |
| 1355 Peachtree Street, N.E. | Georgia Bar No. 694319 |
| Suite 500, South Tower | **Amy M. Palesch** |
| Atlanta, Georgia 30309 | Georgia Bar No. 866827 |
| Telephone: 404.253.6000 | |
| Fax: 404.253.6060 | **ATTORNEYS FOR DEFENDANT** |
| Email: jimswartz@AsheRafuse.com | **LEXISNEXIS RISK DATA** |
| Email: amypalesch@AsheRafuse.com | **RETRIEVAL SERVICES LLC** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2012, I electronically filed a copy of the foregoing ANSWER OF DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC TO THE COMPLAINT with the Clerk of the Court for the Northern District of Georgia using the CM/ECF system which will send electronic notification of such filing to the following:

| **Counsel**: | **By email address at**: |
|---|---|
| James Marvin Feagle | jimfeagle@aol.com |
| Justin Tharpe Holcombe | jholcombe@skaarandfeagle.com |
| Kris Kelly Skaar | krisskaar@aol.com |
| Betsey L. Tate | btate@KSlaw.com |
| Lewis Perling | LPeling@KSlaw.com |

Dated: February 29, 2012

ASHE RAFUSE & HILL LLP
1355 Peachtree Street, N.E.
Suite 500, South Tower
Atlanta, Georgia 30309
Telephone: 404.253.6000
Fax: 404.253.6060
Email: jimswartz@AsheRafuse.com
Email: amypalesch@AsheRafuse.com

*s/ James J. Swartz, Jr.*
**James J. Swartz, Jr.**
Georgia Bar No. 694319
**Amy M. Palesch**
Georgia Bar No. 866827

**ATTORNEYS FOR DEFENDANT LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC**