IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARL FRADLE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:11-CV-3681-AT-JFK |
| EQUIFAX INFORMATION SERVICES LLC, et al., | |
| Defendants. | |

## **GUIDELINES FOR DISCOVERY AND MOTION PRACTICE**

These guidelines are furnished for the convenience of counsel and the court to promote the just, speedy and economical disposition of cases.

## **GENERAL MATTERS**

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

The Federal Rules of Civil Procedure
The District Court Local Rules and Instructions Regarding Pretrial Proceedings
The rules and practices of the Magistrate Judge assigned to your case.[1]

---

[1]The information that follows in this guideline provides the rules and practices to which counsel and parties should adhere in conducting discovery. This court's practice regarding preparation of summary judgment motions will be provided to counsel and *pro se* litigants at the close of discovery. Additional questions regarding the rules and practice before this court can be obtained by contacting the magistrate judge's courtroom deputy (not the law clerks).

## PRELIMINARY FILINGS

Attorneys and *pro se* litigants are reminded that in accordance with LR 3.3, N.D. Ga., the Certificate of Interested Persons ("CIP") should be filed (by non-governmental parties) within thirty (30) days of the first answer or responsive motion filed by a defendant.

Attorneys and *pro se* litigants are also reminded that in accordance with LR 16.2, N.D. Ga., the Preliminary Report and Discovery Schedule ("PRDS") should be filed within thirty (30) days of the first answer or responsive motion filed by a defendant or within thirty (30) days of removal from state court.

And, in accordance with Fed. R. Civ. P. 26(a)(1) and LR 26.1, N.D. Ga., the parties' Initial Disclosures ("ID") are due within thirty (30) days of the appearance of a defendant by answer or motion.

With regard to each of the above deadlines, the court stayed all pretrial deadlines as to all parties and ordered (1) that the parties' obligation to participate in a Rule 26(f) conference be stayed until sixteen (16) days after Defendant LexisNexis Risk Data Retrieval Services LLC ("LexisNexis") filed an answer or other responsive pleading; (2) that the Plaintiff's obligation to file a CIP and the parties' obligation to serve ID and file a PRDP be stayed until thirty (30) days after that date; and (3) that the

Discovery period shall commence thirty (30) days after that date. [See Docs. 11, 13, 15]. Defendant LexisNexis filed an answer on February 29, 2012. Therefore, each of the above pretrial deadlines will run from that date.

In this case, the CIP, PRDS, and ID are therefore due on or before **March 30, 2012**. See Fed. R. Civ. P. 26 and LR 3.3, 16.2 and 26.1, N.D. Ga.

The discovery period in this case commences on **March 30, 2012**. See LR 26.2, N.D. Ga.

## DISCOVERY

1. **General Principles of Discovery**. Counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and conform to the Federal Rules of Civil Procedure, the Local Rules, and applicable orders in conducting discovery. In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Rule 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

2. **Timeliness**. The time limits specified in the rules and applicable orders must observed. If additional time is required, a continuance must be sought in advance by order of the court. (See ¶ 4 below).

3

3.     **Discovery Cut-Off**.  Discovery cut-off dates are the last date for serving discovery responses (that is, the date that discovery closes), **unless** otherwise specified by court order.  To be timely, therefore, discovery requests must be served sufficiently in advance (usually thirty (30) days) of the deadline for responses to be made within the discovery cut-off date.  See LR 26.2A, N.D. Ga.  Accordingly, absent order of the court, the parties may not extend the response date for outstanding discovery requests beyond the close of discovery.

> **NOTE:**  Neither discovery requests nor discovery responses are ordinarily filed with the clerk.  See LR 5.4A, N.D. Ga.

4.     **Extensions of Discovery Period**.  Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with LR 26.2B, N.D. Ga.  All requests for extensions of time must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) the reasons necessitating extension of the discovery period; and (5) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.

> **NOTE**:  An agreed upon or consent motion to the extend the discovery period or deadlines therein should be clearly designated as a CONSENT

motion, and a proposed CONSENT order should be prepared with the consent motion.[2]

5. **Designation of Expert Witnesses and Reports**. The local rules require disclosure of expert witnesses sufficiently early in the discovery period to allow for adequate time to depose the expert and, if desired, to name a rebuttal expert witness. See LR 26.2C, N.D. Ga. In accordance with this requirement, not later than ninety (90) days before the close of the discovery period, the identity of and the report of any affirmative expert witness shall be served, together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Not later than thirty (30) days before the close of the discovery period the identity of and the report of any proposed rebuttal expert witness shall be served, together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Each expert report shall conform with Rule 26(a)(2)(B).

6. **Supplementing Discovery Responses**. Rule 26(e) requires that initial disclosures and earlier discovery responses be supplemented if the disclosure or response was incorrect or is incomplete or to the extent the disclosure or response

---

[2]Parties using electronic filing should not file the "proposed consent order" with the clerk but should contact the magistrate judge's Courtroom Deputy for instructions on sending the proposed order to chambers by electronic mail. Parties not using the electronic filing system may present in hard copy a duplicate of the consent motion along with the original proposed consent order in chambers for judicial review.

relates to potential expert or other witnesses. The court strongly encourages counsel and *pro se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

7. **Depositions**

   a. Scheduling. Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted and the convenience of counsel, witnesses and the parties accommodated before a deposition is noticed. Concurrent depositions are not permitted in the absence of stipulation or order.

   b. Stipulations. When counsel or a party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

   c. Questioning. Questions should be brief, clear and simple. The purpose of a deposition is not to harass or intimidate, but simply to make a clear and unambiguous record of what that witness's testimony would be at trial.

   d. Documents. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

6

e. Objections. Under Rule 30(c), objections to the manner of taking the deposition, to the evidence or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Rule 37(a)(2) and (4). Speaking objections and other tactics for coaching a witness during the deposition may also be cause for sanctions. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Rule 30(d) or a motion to compel responses would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the court with opposing counsel for a pre-motion conference to attempt to resolve the problem. (See 11 below).

f. Persons Attending Depositions. In the absence of a specific order, there is no restriction on who may attend a deposition. Only one lawyer may normally conduct the particular deposition for each party.

g. Expert Disclosures. Rule 26(b)(4) should be consulted. However, experts who are prospective witnesses are normally produced for deposition by the opposing party as matter of course.

7

  h. Number of Depositions.  The parties are expected to observe the limitations specified in Rules 26(b) and 30 and, in particular, to avoid unnecessary depositions.

8. **Interrogatories**.

  a. Informal Requests.  Whenever possible, counsel should try to exchange information informally.  The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

  b. Number and Scope of Interrogatories.  The parties are expected to observe the limitations stated in Rules 26(b) and 33.  Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straight-forward, neutral, particularized and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as, the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine and multiple repetitive interrogatories are objectionable.

  c. Responses.  Rule 33(b) requires the respondent to produce whatever information is available (but only what is available), even if other information is lacking or an objection is made.  When in doubt about the meaning of an interrogatory,

8

give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information.  Generally, the responding party is required to produce information only in the form in which it is maintained.  If an answer is made by reference to a document, attach it or identify it and make it available for inspection.  (See 9 below).  Generalized cross-references, such as to a deposition, are not an acceptable answer.

      d.      Objections.  Unless the objection is based on privilege or burdensomeness, or a request for protective order is made (See 11 below), the information requested must be supplied to the extent available, even if subject to objection.  Counsel's or a *pro se* litigant's signature on the answer constitutes a certification of compliance with the requirements of Rule 26(g).

      e.      Privilege.  A claim of privilege must be supported by a statement of particulars sufficient to enable the court to assess its validity.  In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject and purpose of the document, the name and position of the author and the addresses of other recipients.  In the case of a communication, the statement should include the privilege relied on and the date, place, subject and purpose of the communication and the names and positions of all persons present.  See

9

Fed. R. Civ. P. 26(b)(5).

9.   **Requests for Production or Inspection**.

   a.   Informal Requests. (See 8a above).

   b.   Number and Scope of Requests. Although the court has no standing limitation, it will be guided in each case by the limitations stated in Rules 26(b) and 34. To the extent possible, requests should specify with particularity the title and description of documents or records requested. (Information needed for specification can often be obtained by informal discovery or by deposition or by interrogatories, if necessary.) Argumentative or catch-all requests, such as "all documents which support your claims," are objectionable. The certification requirement of Rule 26(g) applies.

   c.   Responses. Materials should be produced either with labels identifying the specific requests to which they respond or in the manner in which they are kept in the ordinary course of business.[3] Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules. The certification procedure of Rule 26(g) is applicable.

---

   [3]If the latter, an index or some identifying procedure should accompany the documents identifying the specific request(s) for production to which the documents are responsive.

    d.    Objections.  (<u>See</u> 8d above).

    e.    Privilege.  (<u>See</u> 8e above).

10.    **Requests for Admission**

    a.    Use of Requests.  Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations, matters subject to judicial notice, and of narrowing issues.

    b.    Form of Requests.  Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words.  Requests ordinarily should deal with only objective facts.  They may be combined with interrogatories to ask for the factual basis of a claim or a denial.  The attorney's or *pro se* litigant's signature certifies compliance with Rule 26(g).

    c.    Responses.  Rule 36 requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.  A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder.  The responding party has a duty to make reasonable inquiry before responding.  The certification requirement of Rule 26(g) applies.

    d.    Objections and Privileges.  (<u>See</u> 8d and 8e above).

11

11.   **Motions to Compel or for Protective Orders**.

a.   Pre-Motion Conference.  Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the court.  See Fed. R. Civ. P. 26(c) and 37; LR 37.1A, N.D. Ga.  The duty to confer is NOT satisfied by sending a written document, such as a letter, email or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the court through the court's judicial assistant or courtroom deputy.[4]  A joint, concise, non-argumentative statement of the unresolved discovery disputes should be prepared and submitted to the court in chambers prior to the conference.[5] If the differences cannot be resolved during the conference with the court, the court will direct further proceedings.  Motions to compel or for a protective order, or for any

---

[4]Counsel and *pro se* litigants should be aware that there may be some delay in setting up the telephone conference due to the necessity of scheduling the presence of a court reporter.  Also, the court may request that prior to the conference the parties jointly submit a short (two (2) double spaced pages or less) letter providing a non-argumentative overview of the contested issue(s).

[5]Questions concerning the content of this joint statement may be directed to the court's courtroom deputy.

related matters pertaining to discovery, should <u>not</u> be filed without a prior conference with the court.

    b.    Memoranda. In the event that memoranda are submitted, they should comply with LR 37.1, N.D. Ga., and be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles. The court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

    c.    Sanctions. If sanctions are sought, include a declaration and the appropriate documentation to support the amount requested.

    d.    Consent Protective/Confidentiality Orders. The parties should clearly delineate on the protective/confidentiality order that it is filed with CONSENT.[6]

> **NOTE**: The court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the clerk. Any sealed pleadings or materials must be accompanied by a specific court order providing for the sealed filing of that pleading or the materials. Additionally, the proposed order should incorporate

---

[6]In lieu of filing a consent protective/confidentiality order with the Clerk, parties using the electronic filing system may submit a proposed consent order directly to the court by contacting the court's Administrative Law Clerk for instructions on sending the proposed order to chambers by electronic mail. Parties <u>not</u> using the electronic filing system may present the original consent order in chambers for judicial review.

13

these guidelines for the procedure to be utilized in resolving disputes regarding confidentiality matters. Please contact the court's judicial assistant for appropriate language to this effect for inclusion in the proposed order.

12. **Reference to Guidelines**

The court will be guided by these guidelines in resolving discovery disputes and imposing sanctions.

This 1st day of March, 2012.

_/s/ Janet F. King_
JANET F. KING
UNITED STATES MAGISTRATE JUDGE